**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CUE HEALTH INC., *et al*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11096 (CTG)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, solely in his capacity as Chapter 7 Trustee of Cue Health Inc., *et al*.,<br><br>Plaintiff,<br><br>-against-<br><br>L.E.K. Consulting LLC,<br><br>Defendant. | Adv. Proc. No. 26-_____ (CTG) |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND**
**TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Alfred T. Guiliano, not individually but solely in his capacity as the Chapter 7 Trustee (the "**Trustee**" or "**Plaintiff**") of the bankruptcy estates of Cue Health Inc. ("**Cue**") and its affiliated debtors (the "**Debtors**"), by and through his undersigned counsel, files this Complaint against L.E.K. Consulting LLC ("**Defendant**") to avoid and recover preferential and/or fraudulent transfers and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges as follows:

[1] The Debtors in these chapter 7 cases, along with the last four digits of each debtor's federal tax identification number are as follows: Cue Health Inc. (2193), CHP HC, LLC (1932), and TrustedMedRx, LLC (8798). The headquarters of debtors Cue Health Inc. and CHP HC, LLC was located at 4980 Carroll Canyon Road, Suite 100, San Diego, California, 92121. The headquarters of debtor TrustedMedRx, LLC was located at 1200 South Rogers Circle, Suite 4a, Boca Raton, Florida, 33487.

## NATURE OF THE CASE

1. Plaintiff seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential and/or fraudulent transfers of property that occurred during the ninety (90) day period prior to the commencement of the Debtors' bankruptcy cases, pursuant to sections 547, 548, and 550 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. In addition, Plaintiff seeks to disallow, pursuant to section 502(d) of the Bankruptcy Code, any claim Defendant has filed or asserted against the Debtors' estates. Plaintiff does not waive but hereby reserves all rights to object to any such claim for any reason.

## JURISDICTION AND VENUE

3. The District of Delaware has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334, which has been referred to this Court pursuant to the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409. This adversary proceeding is related to the above-captioned chapter 7 cases pending in this district.

6. The predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

7. Pursuant to Bankruptcy Rule 7008 and Rule 7008-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to the entry of final orders and judgment by the Court in this adversary proceeding.

## THE PARTIES

8. Plaintiff Alfred T. Guiliano is the duly appointed Chapter 7 Trustee for the Debtors and the Debtors' estates.

9. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to the Debtors prior to the Petition Date, as more fully disclosed herein.

10. Upon information and belief, Defendant has an address of 75 State Street, 19th Floor, Boston, Massachusetts 02109.

## FACTUAL ALLEGATIONS

11. On May 28, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**") thereby commencing the above-captioned bankruptcy cases [Docket No. 1].

12. Alfred T. Giuliano has been appointed as the Trustee of Debtors' estates pursuant to Bankruptcy Code section 701(a). The section 341(a) meeting of creditors was held and concluded July 10, 2024 [Docket No. 67].

13. Prior to the Petition Date, the Debtors were a healthcare technology company focused on the digital transformation of the healthcare industry. The Debtors designed the Cue Integrated Platform consisting of multiple hardware, software and diagnostic components.

14. Relevant here, the Debtors designed the "Cue Reader," a portable molecular self-

testing system capable of diagnosing certain illnesses—including COVID-19—with the use of separately-sold Cue test cartridges.

15. The Debtors' businesses relied almost exclusively on the Cue Reader, and the emergency use authorizations and government contracts that supported the Cue Reader. By 2022, the COVID-19 pandemic and COVID-19 testing began to wane and the Debtors' business suffered significantly as a result.

16. Upon information and belief, at all times relevant hereto, the Debtors were insolvent. Cue's 2023 10-K reflects that the Debtors had net losses of $373.5 million for the year ended December 31, 2023, and further stated as follows:

> We had an accumulated deficit of $591.5 million as of December 31, 2023. During the years ended December 31, 2023 and 2022, we incurred negative cash flows. A tempering of COVID-19 testing demand has resulted in a loss from operations. Currently, the majority of our product revenue is related to sales of our Cue COVID-19 test, and while we have a number of tests submitted to the FDA for regulatory approval and in late state technical development, the receipt of such approvals is outside our control. These factors, underscored by the inherent uncertainty of obtaining timely regulatory approvals, when considered in the aggregate, raise substantial doubt about the Company's ability to continue as a going concern….
>
> Accordingly, the Company has concluded that substantial doubt exists about the Company's ability to continue as a going concern for a period of at least 12 months from the date of issuance of these consolidated financial statements.

17. The Debtors financial struggles continued and expanded in 2024. On May 1, 2024, Cue filed an 8-K indicating that it was implementing a cost reduction plan, which among other things, included a reduction in the Debtors' workforce by 230 employees, which constituted a reduction of approximately 49% of the workforce. On May 16, 2024, Cue made a filing with the SEC indicating that Cue "has determined that it is unable, without unreasonable effort or expense,

to file its Quarterly Report on Form 10-Q for the fiscal quarter ended March 31, 2024, by May 15, 2024, the original due date for such filing, due to the Company's recent workforce reductions."

18. On May 28, 2024, Cue filed an 8-K announcing the Debtors' chapter 7 filings. The 8-K further included consolidated unaudited financial results, which indicated that the Debtors had net losses of $49.5 million for the three month period ending March 31, 2024.

19. In addition, the official claims registers maintained in the Debtors' cases reflect millions of dollars in unpaid claims.

## PREPETITION TRANSFERS

20. During the ninety (90) days before the Petition Date, that is between February 28, 2024 and May 28, 2024 (the "**Preference Period**"), the Debtors continued to make certain transfers of money to, among others, vendors, service providers, customers, and creditors.

21. During the Preference Period, the Debtor or Debtors identified on **Exhibit A** to this Complaint made one or more transfer(s) of an interest of such Debtor's property to or for the benefit of the Defendant through payments and other credits aggregating not less than the amount set forth on **Exhibit A** hereto (each a "**Transfer**" and collectively, "**Transfers**"). The details of each Transfer are set forth on **Exhibit A** attached hereto and incorporated by reference.

22. By this Complaint, Plaintiff seeks to avoid and recover all of the Transfers and any other unknown transfers of interests of any of the Debtors' property made by any of the Debtors to or for the benefit of the Defendant within the Preference Period.

23. Prior to Plaintiff filing this Complaint, Plaintiff performed reasonable due diligence under the circumstances of these cases and took into account the reasonably knowable affirmative defenses that may be available to Defendant.

24. Plaintiff caused a preliminary review of, among other things, the Debtors' Schedules of Assets and Liabilities and other financial records available to Plaintiff, to determine whether certain prepetition transfers potentially qualified as preferential transfers. Thereafter, Plaintiff, through counsel, sent a letter requesting that Defendant provide support for any defenses to avoidance of the Transfers. Plaintiff has considered any response timely received to that letter prior to filing this Complaint.

25. Based on the information reviewed by the Trustee, or his professionals, and information provided by Defendant, if any, including any defenses asserted by Defendant in any response to Plaintiff's letter, Plaintiff believes that he may avoid the Transfers, or a portion thereof.

26. Pursuant to section 547(g), Defendant bears the ultimate burden of proof on any affirmative defense to the Transfers. Plaintiff does not concede the validity of any defense, reserves all rights in connection therewith, and leaves Defendant to its burden.

## CLAIMS FOR RELIEF

### First Cause of Action
### (Avoidance of Preference Period Transfers — 11 U.S.C. § 547)

27. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

28. During the Preference Period, the Debtors made one or more Transfers to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on **Exhibit A**.

29. Each Transfer was made by the one of the Debtors and constituted a transfer of an interest in property of the Debtors.

30. Defendant was a creditor of the Debtors by virtue of supplying goods and/or services to the Debtors for which the Debtors were obligated to pay in accordance with the terms of any agreements between the parties, or otherwise was a creditor of the Debtors.

31. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtors to Defendant.

32. Each Transfer was made for, or on account of, an antecedent debt owed by the Debtors to Defendant before the Transfers were made.

33. Each Transfer was made while the Debtors were insolvent. Further, Plaintiff is entitled to the presumption of the Debtors' insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

34. Each Transfer was made on or within 90 days before the Petition Date, or between ninety days and one year before the Petition Date, if Defendant at the time of such Transfer was an insider.

35. As a result of each Transfer, Defendant received more than Defendant would have received (i) through these chapter 7 cases; (ii) if the Transfers had not been made; and (iii) if Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

36. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

**Second Cause of Action**
**(Avoidance of Fraudulent Conveyances — 11 U.S.C. § 548(a)(1)(B))**

37. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

38. To the extent one or more of the Transfers identified on **Exhibit A** was not made on account of an antecedent debt, was an advance or prepayment for goods and/or services, which were never provided or which the value of such goods and/or services did not constitute reasonably equivalent value in exchange for such Transfer(s), and/or was a debt incurred by an entity other

than the paying Debtor but paid for by another Debtor, Plaintiff pleads in the alternative that the Debtors did not receive reasonably equivalent value in exchange for the Transfers; and the Debtors: (a) were insolvent as of the date of the Transfers, or became insolvent as a result of the Transfers; (b) was engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors was unreasonably small capital; or (c) intended to incur, or believed it would incur, debts beyond the Debtors' ability to pay upon maturity.

39. Based the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

**Third Cause of Action**
**(Recovery of Avoided Transfers — 11 U.S.C. § 550)**

40. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

41. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. §§ 547(b) and/or 548(a)(1)(B).

42. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

43. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the Transfer, plus interest thereon to the date of payment and the costs of this action.

**Fourth Cause of Action**
**(Disallowance of all Claims — 11 U.S.C. § 502(d))**

44. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

45. Defendant is a transferee of the Transfers under sections 547 or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

46. Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

47. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant and/or its assignee, against the Debtors' estates must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

## RESERVATION OF RIGHTS

48. During the course of this proceeding, Plaintiff may learn through discovery or otherwise of additional transfers made to Defendant during the Preference Period or that otherwise may be avoidable under the provisions of the Bankruptcy Code or other applicable law. It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtors to or for the benefit of Defendant or any other transferee. Plaintiff reserves all rights to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revisions to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "**Amendments**"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff demands judgment against the Defendant as follows:

A. Avoiding the Transfers pursuant to 11 U.S.C. §§ 547(b) and/or 548(a)(1)(B);

B. Allowing the recovery of the monetary value of the Transfers, plus interest pursuant to 11 U.S.C. § 550(a);

C. Disallowing any claims held by Defendant against the Debtors' estates until Defendant returns the Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d);

D. Awarding interest from the date of the Complaint;

E. Awarding fees and costs; and

F. Such other and further relief as this Court may deem just and proper.

Dated: May 26, 2026
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

/s/ Alan M. Root

Alan M. Root (No. 5427)
Aaron J. Bach (No. 7364)
Alison R. Maser (No. 7430)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Facsimile: (302) 295-0199
Email: root@chipmanbrown.com
bach@chipmanbrown.com
maser@chipmanbrown.com

*Counsel to the Plaintiff Chapter 7 Trustee*

# EXHIBIT A

## TRANSFERS

Preference Period: February 28, 2024 and May 28, 2024

| Payment # | Payment Date | Invoice # | Invoice Date | Invoice Amount | Amount Paid |
|---|---|---|---|---|---|
| 00000248/14 | 03/22/2024 | I70-9874 | 02/29/2024 | $ 131,000.00 | $ 131,000.00 |
| **TOTAL** | | | | | **$ 131,000.00** |